6736

## STATE v. MALLOY.

1. CIRCUIT JUDGE.—Remarks of Judge after question to witness with intent to direct him to rule of proof of insanity is not prejudicial to defendant in taking the witness away from the question, especially when counsel does not again recur to the question.
2. IBID.—CHARGE.—It is not error for Judge to admonish jury not to render a verdict on sentimental grounds after argument by defendant's counsel tending to influence them so to do.
3. CHARGE.—When the charge here is considered as a whole there is left no reasonable ground for supposing the jury were misled into finding a verdict of "Guilty" for "Guilty, with recommendation to mercy."

Before PRINCE, J., Marlboro, June, 1907. Affirmed.

Indictment against James Malloy for murder of his wife. From sentence on verdict of guilty, defendant appeals.

*Messrs. J. K. Owens* and *J. W. LeGrand,* for appellant, cite: *Charge of Judge excepted to is on facts and is an argument by Judge in reply to that of defendant's counsel:* Art. V, Sec. 26, and Art. I, Sec. 18, Con. 1895; 56 S. C., 524.

*Solicitor J. M. Spears,* contra.

February 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was convicted of murder and sentenced to be hanged on the 26th day of July, 1907.

He has appealed to this Court upon exceptions, the first of which is as follows: .

"Because his Honor erred in stating to Dr. Crosland: 'The question is whether this fellow had intelligence enough to understand right from wrong and the moral and legal effect of his actions,' when attorney for the defendant had asked the question, 'As a man, will you say he is a man of ordinary intelligence or of ordinary mental capacity?' and sought to secure an answer to that question; it being submitted that his Honor destroyed the full force and effect of the said question by his explanation to the witness, and under his Honor's direction, the witness was prevented from answering the question propounded."

The remarks of his Honor, the presiding Judge, were manifestly intended merely to direct attention to the principles announced in *State* v. *Bundy,* 24 S. C., 439, for determining whether the defendant was insane at the time the homicide was committed. The tendency of the suggestion was to benefit the defendant; we, therefore, fail to see wherein he has any just ground to complain that they were prejudicial to his rights. Furthermore, after his Honor made the suggestion, the defendant's counsel did not insist upon an answer to the question which had been propounded.

The second exception is as follows:

"Because his Honor erred in charging the jury that 'You need not be afraid of seeing spooks, either now or when you come to die, if you have been honest and have decided conscientiously, according to the best of your understanding. The only spook that a juror ever sees is the spook of a murdered conscience—a con-

science murdered by consenting to unrighteous verdicts;'
it being submitted that the foregoing sentences were in direct
reference to the argument of and the appeal of the attorney,
Mr. J. W. LeGrand, on behalf of the defendant, when at-
torney sought to impress upon the jury their high responsi-
bility and the consequence of a verdict rendered against
defendant, should there be any reasonable doubt in the
mind of the jury as to the guilt of the defendant; it being
submitted further, that the said words are not law; that they
have no place in a charge to the jury, and that in effect, they
were an argument from the bench against the argument of
the attorney for the defendant, and in effect, an argument
for the prosecution from the bench."

The record shows that the charge of his Honor, the
presiding Judge, was called forth by the appeal which the
defendant's attorney made to the jury, and was merely in-
tended to admonish them not to render a verdict on senti-
mental grounds, but in accordance with the law and the
evidence.

The third exception is as follows:

"Because his Honor erred in charging the jury 'If you
find the defendant guilty of murder and you are inclined to
recommend him to the mercy of the Court, the form of
your verdict will be 'Guilty.' Sign your name and
under your name write the word 'Foreman;' it being
submitted that said direction is an error, and under
such condition the verdict should be 'Guilty, with a recom-
mendation to mercy.' "

The presiding Judge also charged the jury as follows:
"The charge in this case is murder. Murder I have already
defined to you, but I failed to tell you that while we have
no grades for murder in South Carolina, yet the law in its
compassion for human frailties permits the jury in any case,
where they feel themselves oath-bound and conscience-bound,
under the law and evidence, to convict a man of murder;
and yet, if for any reason they should recommend him to the
mercy of the Court, the law permits that to be done, and

permits the jury by that method to fix the punishment to follow a conviction of murder at life imprisonment instead of death. To that extent the jury may consider the effect of their verdict; beyond that, you have nothing to do with it."

When that portion of the charge set out in the exception is considered in connection with the charge which we have quoted, it will be seen that there is no reasonable ground for supposing the jury was misled.

The fourth exception is as follows:

"Because his Honor erred in passing the death sentence upon the defendant on the verdict of the jury, it being respectfully submitted that his Honor had charged the jury: 'If you find the defendant guilty of murder and you are inclined to recommend him to the mercy of the Court, the form of your verdict will be "Guilty." Sign your name, and under your name write the word "Foreman;"' and the jury having followed this instruction and returned the verdict of guilty, thereby recommending, under the said instructions, the defendant to the mercy of the Court."

This exception can not be sustained for the reason stated in considering the third exception.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and that the case be remanded to the Circuit Court, in order that a new day may be assigned for carrying into execution the sentence of the Court.